# John C. Bernhard et Ux., Plffs. in Err., *v.* Alexander Allen et al.

To entitle the holder of a treasurer's deed of unseated land sold for non-payment of taxes to recover in ejectment against those in possession, he must prove that the land was assessed as unseated.

Where neither the assessor, the collector, nor the commissioners have designated land as unseated, evidence offered to show the general system of the unseated land business in the commissioners' office is not admissible as tending to raise a presumption that it was so assessed.

(Argued April 25, 1888. Decided May 7, 1888.)

January Term, 1888, No. 341, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Erie County to review a judgment of nonsuit in an action of ejectment, September Term, 1878, No. 198. Affirmed.

The action was brought by John C. Bernhard and Henrietta, his wife, in right of Henrietta, against Alexander Allen, F. S. Seaman, and Samuel Vanwich, to recover possession of a piece of land in Erie (formerly in Millcreek township) which plaintiff claimed by virtue of a sale by the treasurer of Erie county as unseated land, in June, 1872, for the taxes of 1870, the title under which sale had become vested in her. Silas W. Mason is the common source of title and defendants claimed title under a lease from his grantee.

The land was assessed to S. W. Mason for the taxes of 1870, which not having been paid, the land was sold and a treasurer's deed given therefor. The only designation of the land as unseated was in the treasurer's deed; neither the assessor, the collector, nor the commissioners so designated it. As tending to show that the land was assessed as unseated the plaintiffs offered to show the system of the unseated land business in the commissioners' office by means of the book of exonerations of the collector for uncollectible taxes; also by means of the oral testimony of employees in the commissioners' office. They also offered in evidence the ward assessment book of the city to show that there was no separate unseated list. All of which offers were ruled out by the court. Upon motion of defendants the court granted a compulsory nonsuit and having refused to take it off plaintiffs took this writ, assigning for error the exclusion of evidence and the granting of the nonsuit.

*J. W. Wetmore,* for plaintiffs in error.—The forms in which assessments of unseated land are made and entered, and the mode of certifying and transmitting them to the county treasurer, are matters of official practice at the discretion of the commissioners.

It is relevant to notice the usage of the office in keeping the books prior and up to the time of the entry that is to be interpreted. Laird v. Hiester, 24 Pa. 463.

Unseated land may be sold upon the assessment of the county commissioners. 1 Watts & S. 328; 2 Pa. St. 396; 13 Serg. & R. 380.

*E. L. Whittelsey, G. A. Allen,* and *L. Rosenzweig,* for defendants in error.—To authorize a sale of unseated land for taxes the land must be unseated when assessed, a tax must appear to have been assessed, and must in fact have been assessed by the proper officers, and the tax must have been due one whole year and unpaid. McReynolds v. Longenberger, 57 Pa. 13; Stoke v. McCullough, 107 Pa. 39.

Land once seated with the knowledge and consent of the owner and the commissioners of the county must be taken as seated so far as regards the assessment and collection of the taxes, and the sale of it for taxes as unseated would be void. Negley v. Breading, 32 Pa. 325; Arthurs v. Smathers, 38 Pa. 40.

The court below was certainly right in holding that the treasurer is not an assessing officer, nor is the book evidence of the assessment. Bratton v. Mitchell, 7 Watts & S. 259 ; McReynolds v. Longenberger, 57 Pa. 13.

PER CURIAM:

The plaintiffs claim by virtue of a treasurer's sale of the land as unseated. The treasurer's deed so describes it. To render a treasurer's sale of unseated land valid, it must have been assessed as unseated. McReynolds v. Longenberger, 57 Pa. 13.

It was essential for the plaintiffs to prove this fact before they could recover. This they did not do nor would any of the evidence excluded have raised such a presumption had it been admitted. The plaintiffs did not make out a prima facie case; hence it was not error to enter a nonsuit.

Judgment affirmed.